IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **LYNDA WISEMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **WILLIAM P. BERNE** | ) |
| | ) |
| Defendant, | ) |
| | ) |
| v. | )   1:11cv1385 (JCC/JFA) |
| | ) |
| OSAGE INDIAN AGENCY, | ) |
| | ) |
| Garnishee. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Garnishee Osage Indian Agency's Motion to Quash Garnishment Summons [Dkt. 2] and Motion to Dismiss [Dkt. 3].  For the following reasons, the Court will grant the Osage Indian Agency's motions.

**I.  Background**

On December 22, 2011 the Osage Indian Agency (the Agency) removed a garnishment summons to this Court.  [Dkt. 1.] Plaintiff-judgment creditor Lynda Wiseman obtained the summons in Fairfax County Circuit Court. (Summons [Dkt. 1-2] at 1.)  Ms. Wiseman served the summons upon the Agency in an attempt to collect a judgment she obtained against Defendant-judgment debtor William Berne in the Fairfax County Circuit Court on

1

March 24, 2011.  (Mem. [Dkt. 4] at 2-3.)  The judgment is in the amount of $63,565.55 and results from Mr. Berne's mishandling of an estate over which Mr. Berne was the executor.  (*Id.*)

The Osage Nation is a federally-recognized Native American tribe, primarily located in Oklahoma.  (Mem. at 3.)  The Osage Agency is a component of the United States Department of the Interior's Bureau of Indian Affairs, and is responsible for providing services to the Osage Nation.  (*Id.*)  Mr. Berne is not a member of the Osage Nation, but he does own an "Osage mineral non-indian headright," which entitles him to land royalties from the United States.[1]  (Mem. at 4.)  Ms. Wiseman seeks to garnish the amounts Mr. Berne is due from his headright.  (*Id.*)

On January 5, 2012, the Agency moved to quash the garnishment summons and dismiss the case.  [Dkts. 2, 3.]  The Agency asserts that this Court lacks subject matter jurisdiction to enforce the summons because it is against the United States, which is entitled to immunity.  (Mem. at 5.)  Plaintiff is *pro se* and was given a proper Roseboro notice pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).  [*See* Dkt. 5.]  Plaintiff has failed to file a response.

---

[1] The Osage Allotment Act of 1906 provides that the United States is to distribute "the royalty received from oil, gas, coal and other mineral leases" from certain land to Osage members.  34 Stat. 539 (June 28, 1906). The Supreme Court has recognized that the Act "created so-called 'headrights' which are each tribal member's individual share of the income derived from the minerals located on the land."  *United States v. Mason*, 412 U.S. 391, 393 (1973).

2

The Agency's motion is now before the Court.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Defendants may attack subject matter jurisdiction in one of two ways.  First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue.  *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting

3

the proceeding to one for summary judgment"); *Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

### III. Analysis

"Absent waiver, sovereign immunity shields the United States from suit." *Pittston Co. v. United States*, 199 F.3d 694, 701 (4th Cir. 1999) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). And any "waiver of sovereign immunity must be 'strictly construed, in terms of its scope, in favor of the sovereign.'" *Sossamon v. Texas*, 131 S. Ct. 1651, 1662 (2011) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Finally, without a proper waiver of sovereign immunity, a federal district court is without subject matter jurisdiction to entertain the action. *See Mitchell,* 445 U.S. at 538. This

immunity extends to garnishment proceedings. *See Millard v. United States,* 916 F.2d 1, 3 (Fed. Cir. 1990) ("No legal proceeding, including garnishment, may be brought against the United States absent a waiver of its sovereign immunity.")

None of the limited circumstances in which Congress has waived the United States' sovereign immunity in garnishment proceedings are applicable here. Congress subjects the United States to garnishment proceedings "to enforce the legal obligation . . . to provide child support or alimony," although limits the subject of such proceedings to amounts that were due to the United States employees as a result of their employment. *See* 42 U.S.C. § 659(a) (2012). The Court finds that this statutory waiver is inapplicable to a proceeding that seeks to garnish a payment due to the Defendant-judgment debtor as a "headright" owner of mineral royalties on tribal land. And the Court is not aware of any other statute that provides the requisite waiver of sovereign immunity. Thus, the Court finds that it without jurisdiction to enforce the garnishment summons.

### IV. Conclusion

For the reasons stated above, the Court will grant the Osage Indian Agency's Motion to Quash Garnishment Summons and Motion to Dismiss.

An appropriate Order will issue.

|  |  |
|---|---|
| February 15, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |